UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KURT WERTZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:22-cv-00255-JPH-MKK |
| | ) |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Kurt Wertz, an Indiana prisoner, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a prison disciplinary proceeding WVD 21-01-0070. For the reasons explained in this Order, Mr. Wertz's habeas petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass.*

*Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974).

## II.   The Disciplinary Proceeding

On January 13, 2021, Sergeant G. Sullivan wrote a Report of Conduct ("Conduct Report") charging Mr. Wertz with violating the Indiana Department of Correction ("IDOC") Adult Disciplinary Code A-106, Possession of a Dangerous/Deadly Weapon. Dkt. 8-1. The Conduct Report states:

> On January 13, 2021, at approximately 2:50pm. I, Sergeant Sullivan, along with Correctional Officer S. Bowman was at South OSB. Offender Wertz, Kurt # 116758 was unable to clear the metal detector at the exit door. He was ordered to empty his pockets and to remove his coat. He handed his coat to S. Bowman and an approximately 6–7 inch piece of metal sharpened to a point fell from his coat onto the floor.

*Id.* (cleaned up).

Code A-106 is defined as: "Possession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents), or dangerous or deadly weapon." Dkt. 8-16 at 2.

Mr. Wertz was notified of the charge on January 20, 2021, when he received the Conduct Report and the Notice of Disciplinary Hearing ("Screening Report"). Dkts. 8-1, 8-5. He pled not guilty and requested witness statements from several officers that were present during the incident. Dkt. 8-5. Those witness statements were attained and are included in the record. Dkts. 8-9, 8-11, 8-12. The officers' statements corroborated the details in the Conduct Report—in particular, that Mr. Wertz could not clear the metal detector after multiple tries and that a metal object that had been in his coat was confiscated.

2

Dkts. 8-9, 8-11, 8-12. Offender Williams also provided a witness statement that Mr. Wertz had mistakenly taken Offender Williams's coat and that Offender Williams actually possessed the metal object and intended to throw it in the trash before Mr. Wertz picked up his coat. Dkt. 8-10.

On February 11, 2021, a hearing was held before a hearing officer. Dkt. 8-8. Mr. Wertz again pled not guilty. *Id.* The hearing officer recorded Mr. Wertz's statement as: "I tried to clear the metal detector. I personally kept going through without being asked to." *Id.* (cleaned up). Based on Mr. Wertz's statements, witness statements, the confiscation report, the Conduct Report, and the photo of the weapon, dkts. 8-1, 8-2, 8-3, 8-4, 8-9, 8-10, 8-11, 8-12, the hearing officer found Mr. Wertz's guilty. *Id.* The hearing officer imposed the deprivation of six months of earned credit time, one class credit demotion, and other sanctions which do not implicate Mr. Wertz's custody for purposes of habeas relief. *Id.*

Mr. Wertz appealed to the Facility Head and the Final Reviewing Authority. Dkts. 8-14, 8-15. His appeals were denied. *Id.* Subsequently, Mr. Wertz brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III.   Analysis

#### A. Sufficiency of the Evidence

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Further, "the relevant question is

whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56; *see also Eichwedel v. Chandler,* 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

In his petition, Mr. Wertz labels his claims as a denial of the opportunity to present a witness and a denial of an impartial decisionmaker, but his arguments are that the hearing officer did not give appropriate weight to Offender Williams's statement and that there is no evidence that he knew the contraband was in the pocket of the coat he was wearing. Since these arguments challenge the sufficiency of the evidence, rather than other due process protections, the Court addresses Mr. Wertz's claims under the "some evidence" standard.

Mr. Wertz contends that the hearing officer improperly determined that Offender Williams's statement that the coat was his instead of Mr. Wertz's was not credible, and that there is no evidence that Mr. Wertz knew there was a weapon in the coat that he was wearing. Dkt. 2 at 3–4. Respondent counters that the Conduct Report and the presence of the weapon in the coat that Mr. Wertz was wearing are sufficient evidence of Mr. Wertz's guilt. Dkt. 8 at 9. Respondent further argues that Mr. Wertz improperly asks the Court to reweigh the credibility of Offender Williams's testimony. *Id.* at 9.

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the

4

Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). A conduct report "alone" may establish the "some evidence" requirement. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Wertz's argument that the hearing officer was required to believe Offender Williams's statement is unpersuasive. Dkt. 2 at 3–4; *see also* dkt. 8-10 (Offender Williams stating that Mr. Wertz did not see Offender Williams put the weapon in the coat pocket before Mr. Wertz mistakenly put on Offender Williams's coat). The hearing officer is charged with assessing the credibility of witnesses and weighing the evidence that is presented at a disciplinary proceeding. *Taylor v. Brown*, No. 2:20-cv-00058-JRS-DLP, 2020 U.S. Dist. LEXIS 197487, at *6 (S.D. Ind. Oct. 23, 2020) ("The weighing of the evidence, the assessment of credibility, and selecting which side to believe is solely the responsibility of the hearing officer and not the Court.").

Here, the hearing officer considered Offender Williams's statement and determined that it was not credible because he found his explanation implausible. Dkt. 8-8. Mr. Wertz's assertion in his reply that Offender Williams's testimony was credible because prisoners' coats look similar and can be easily mistaken, and because Offender Williams confessed twice to possessing the metal object, do not overcome the "some evidence" standard. Dkt. 11 at 6, 9. Because the hearing officer considered this evidence, this Court may not

5

"reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb*, 224 F.3d at 652).[1]

Additionally, Mr. Wertz's arguments that there is no evidence that he had actual knowledge that the weapon was in the coat and that there is no evidence that he intended to possess the weapon, are unavailing. Dkt. 2 at 3-4; dkt. 11 at 2, 3, 5, 10, 16, 18 (Mr. Wertz explaining in his reply that he had no knowledge/intent to possess the contraband because he accidentally wore Offender Williams's coat; he did not to look in the pockets; he willingly walked through the metal detector because medical summoned him; and his normal vitals demonstrate he could have passed a lie detector test during his medical visit).[2] The IDOC's defines possession as: "*On one's person,* in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, *an offender is presumed to be responsible for any property, prohibited*

---

[1] To the extent that Mr. Wertz argues that the hearing officer was biased because he did not acquit him based on Offender Williams's statement or Mr. Wertz's not guilty plea and the statement he made at his hearing, such arguments are insufficient to overcome the high hurdle of the "presumption of honesty and integrity" held by hearing officers. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary). The hearing officer's assessment of Offender Williams's and Mr. Wertz's statements comports with his role as the factfinder. Dkt. 8 at 12; *see In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001) (absent other evidence, a decision maker's bias is not present "merely because a party loses on the merits").

[2] Mr. Wertz cites to "Breveard 3:17-CV-15-JD-MGG" as authority that the contraband should not be attributed to him because in "Breveard" the court found that the staff mixed up the prisoners' property boxes. Dkt. 11 at 9-10. The Court was unable to review this case based on the citation that Mr. Wertz provided. However, Mr. Wertz a mix up of a property box is not analogous to this case. The ownership of a property box is not relevant where the contraband is found on the prisoner's person, which is the case at bar.

*property or contraband that is located on their person,* within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." Dkt. 8-17 at 6 (emphasis added). Because prisoners are presumed to have possession of contraband on their person under the disciplinary code, actual knowledge or intent is not required, and any argument Mr. Wertz makes to the contrary fails. *See, e.g., Williams v. Knight*, No. 1:20-cv-224-SEB-MPB, 2021 U.S. Dist. LEXIS 111811, at *3 (S.D. Ind. June 14, 2021) (holding that "an offender's actual knowledge of the property is not required" under the IDOC's definition of possession).

Here, there is some evidence that Mr. Wertz possessed a deadly/dangerous weapon. Specifically, the Conduct Report states that Mr. Wertz was unable to clear the metal detector, and that when he was searched "a piece of metal sharpened to a point that was approximately six to seven inches fell from his coat onto the floor." Dkt. 8-1 (cleaned up). Though the Conduct Report alone meets the "some evidence" standard, it was not the only evidence before the hearing officer. *McPherson*, 188 F.3d at 786. Rather, several officers' testimony confirmed the contents of the Conduct Report. Dkts. 8-4, 8-9, 8-10, 8-11, 8-12. Moreover, a photo of the weapon and a confiscation notice were presented to the hearing officer. Dkts. 8-2, 8-3. Finally, Mr. Wertz does not dispute that a weapon was found in the coat that he was wearing. Dkts. 2, 18. This is sufficient evidence that Mr. Wertz possessed the contraband in violation of Code A-106.

Accordingly, Mr. Wertz is not entitled to relief on this grounds.

### B. New Claims in Reply

Mr. Wertz submitted a twenty-three page reply brief in support of his habeas petition that raises numerous new claims, including: (1) he was denied video evidence and witness testimony; (2) the prison and the hearing officer violated policy; (3) after Mr. Wertz's conviction, Offender Williams was convicted for separate Code A-106 offenses; (4) the hearing officer did not consider Mr. Wertz's conduct history or Offender Williams's testimony; (5) the hearing officer acquitted a prisoner in a different disciplinary proceeding based on similar facts; (6) the hearing officer did not provide an adequate written explanation for convicting Mr. Wertz; (7) the IDOC/prison was negligent; and (8) Mr. Wertz's newly submitted affidavit attests that his lay advocate, Richard Young, recently told him that the hearing officer told Mr. Young that he did not review the video evidence. Dkt. 11 at 2-3, 8-20, 23.[3]

Failure to raise an argument in a petition for a writ of habeas corpus results in waiver. *See Gonzalez v. Mize*, 565 F.3d 373, 382 (7th Cir. 2009) (habeas arguments "raised for the first time in a reply brief are waived"); *Wonsey v. City of Chi.*, 940 F.3d 394, 398-99 (7th Cir. 2019); *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006) (A prisoner must present "[a]ll arguments for habeas corpus relief . . . in the petition."). The Court has reviewed Mr. Wertz's petition

---

[3] Mr. Wertz also raises several arguments that are unrelated to this disciplinary proceeding, including that he has been placed in segregation, denied proper housing, denied employment, denied proper medical care, and prohibited from speaking with other prisoners, and that prison officials interfered with a prior criminal appeal and denied his access to the courts. Dkt. 11 at 5-6, 13-14, 17, 19. Because these arguments are not relevant to the due process claims in this habeas action, the Court does not address them.

8

and finds that these claims were not raised in it. Dkt. 2. Therefore, the Court need not consider them any further, and Mr. Wertz is not entitled to any relief on any of these newly raised grounds.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There is no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Mr. Wertz to the relief he seeks.

Accordingly, Mr. Wertz's petition for a writ of habeas corpus is **denied** and the action is **dismissed with prejudice**. Mr. Wertz's January 30, 2024, motion for ruling, dkt. [15], is **granted to the extent** that the Court has now issued its ruling on his petition as set forth above.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/9/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KURT WERTZ
116758
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All electronically registered counsel